# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SANTIAGO and TIMOTHY FRANZKE, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 11 C 3508 |
| v. | ) ) | Judge Joan B. Gottschall |
| RADIOSHACK CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Defendant RadioShack Corporation ("RadioShack") has moved to dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). RadioShack also asks the court to strike or dismiss the plaintiffs' claim for injunctive relief and their class action allegations. For the reasons set forth below, the motion is granted in part and denied in part.

### I. BACKGROUND

The named plaintiffs in this putative class action, Michael Santiago and Timothy Franzke, allege that during the applicable statutes of limitations, they lived in Cook County, Illinois, and worked for RadioShack. According to their complaint, Santiago, Franzke, and "all other store managers similarly situated" ("the managers") were classified as "hourly non-exempt store managers" because they were assigned to smaller retail stores, *i.e.*, stores with gross annual sales volumes at or below or certain levels. RadioShack required the managers at these stores to work a minimum of 52 hours per

week, and "recommended" a schedule of 55 hours per week, even though RadioShack budgeted only 155 total employee-hours per store. The managers were given specific lists of tasks and responsibilities that they were required to complete, but they often were not able to complete these tasks during the allotted time. This obliged the managers to work "off-the-clock" unrecorded hours in order to complete the tasks. Santiago and Franzke allege that this practice was so commonplace that they often worked more than 8 hours a day, 6 or 7 days per week.

Santiago and Franzke also claim that RadioShack used a computerized timekeeping register on which the managers would record their time. The register permitted the managers to edit or modify the time records for themselves and other employees.[1] According to Santiago and Franzke, RadioShack knew about this practice—in fact, they claim RadioShack managed the amount of hours worked by the managers, and "dictated, controlled and ratified" all related employee compensation policies—yet RadioShack did not pay its managers for all of the hours they worked, including overtime compensation.

The plaintiffs filed a putative class action complaint in the Circuit Court of Cook County, and RadioShack removed the case to this court. In Count I, the plaintiffs allege a violation of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115; in Count II, they allege a violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105; in Count III, they allege a Fair Labor Standards Act violation, 29 U.S.C. § 201; and in Count IV, Santiago brings an individual claim for retaliatory discharge, alleging that his employment was terminated after he reported RadioShack's practices to "various

---

[1] On information and belief, the plaintiffs claim that accurate time records, showing the number of hours each manager actually worked, can be obtained through this system.

government agencies, including OSHA, EEOC and the Illinois Department of Labor." RadioShack has now moved to dismiss all of the counts, and asks the court to dismiss or strike the request for injunctive relief and the putative class allegations.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the defendant may seek to dismiss the case if the plaintiff "fail[s] to state a claim upon which relief can be granted." The court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. *Stayart v. Yahoo! Inc.*, 623 F.3d 436, 438 (7th Cir. 2010). But although Federal Rule of Civil Procedure 8(a) only requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," nonetheless the complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 566 U.S. 662 (2009) (noting that while Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The relevant question is whether the complaint includes enough factual allegations to "raise a right to relief above the speculative level." *Id.* In other words, to survive a motion to dismiss post-*Twombly*, "'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together,' and the question the court should ask is '*could* these things have happened, not *did* they happen.'" *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010)).

### III. ANALYSIS

RadioShack has moved to dismiss Counts I-IV of the complaint. The court addresses each in turn. As to Count I, RadioShack argues that the complaint fails to allege the existence of a "contract or agreement" as required to pursue a claim under Illinois' Wage Payment and Collection Act ("the Payment and Collection Act").[2] *See* 820 Ill. Comp. Stat. 115/2 (defining the "wages" owed to a relevant employee as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties"). The Payment and Collection Act, by its own terms, does not require a formal contract: "an agreement is broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons." *Sanchez v. Haltz Const., Inc.*, No. 09 C 7531, 2012 WL 13514, at *5 (N.D. Ill. Jan. 4, 2012) (quoting *Zabinsky v. Gelber Grp., Inc.*, 807 N.E.2d 666, 671 (Ill. App. Ct. 2004) (internal quotation marks omitted)). Here, Santiago and Franzke have alleged that RadioShack required them to work more than 40 hours per week, that RadioShack was to compensate each manager "based upon the number of hours worked," and that RadioShack allowed the managers to work overtime "without proper overtime compensation." That is sufficient to allege an "agreement" at this stage. The court will not dismiss Count I.

As a corollary, RadioShack argues that the plaintiffs are barred from pursuing statutory or punitive damages for any claims under the Payment and Collection Act prior to January 1, 2011. On that date, Section 14 of the Payment and Collection Act was amended to permit a prevailing employee to recover "2% of the amount of any such underpayments for each month following the date of payment during which such

---

[2] In support, RadioShack cites *Blue v. The Chubb Group*, No. 03 C 6692, 2005 WL 1667794 (N.D. Ill. July 13, 2005), a case where the court dismissed a claim at summary judgment after the plaintiff admitted that she had no contract or agreement with her employer. For these reasons, *Blue* is not relevant.

underpayments remain unpaid," as well as attorney's fees and costs. *See* 820 Ill. Comp. Stat. 115/14. According to RadioShack, before the amendment "such damages were not available to a plaintiff in a civil action." (*See* Mem. in Supp. of Mot. to Dismiss at 5.) The issue was not addressed by the plaintiffs in their response, and they have waived any objection. Thus, the court agrees that the plaintiffs cannot recover these damages for Count I.[3]

Next, RadioShack argues that the plaintiffs have failed to properly plead claims under the Illinois Minimum Wage Law (Count II) and the Fair Labor Standards Act (Count III). RadioShack states that the plaintiffs' complaint consists entirely of conclusory, speculative statements that fail to satisfy the pleading standards described in *Twombly* and *Iqbal*. For instance, RadioShack complains that it does not know each plaintiff's specific wages or the number of unpaid hours each plaintiff allegedly worked, nor does the complaint state who purportedly instructed the plaintiffs to work overtime without recording their extra hours.

The court rejects this argument. While the complaint is not incredibly detailed, the plaintiffs have alleged that RadioShack required them to work at least 52 hours per week, with a recommended 55-hour-per-week obligation; that the managers routinely did so, often working more than 8 hours each day for 6 or 7 days per week; that RadioShack budgeted just 155 employee hours per week while at the same time setting out specific lists of tasks and responsibilities that could not be completed within that timeframe; and that the managers were given the means to edit and change their timekeeping records. This is more than enough to push the complaint into plausible territory. The plaintiffs do

---

[3] The court notes that the plaintiffs also allege a violation of Illinois' Minimum Wage Law (Count II). Under Section 12 of that statute, civil damages were available before 2011. *See* 820 Ill. Comp. Stat. 105/12(a) (effective July 14, 2006).

not need to provide the level of detail RadioShack seeks at this stage. *See, e.g.*, *Sanchez v. Haltz Const., Inc.*, No. 09 C 7531, 2012 WL 13514, at *3 (N.D. Ill. Jan. 4, 2012) ("Plaintiffs allege that they 'routinely' worked more than 40 hours per week without receiving overtime pay, and that the amount of compensation they did receive for the work they performed fell below the minimum-wage requirement. Plaintiffs do not need to provide more factual detail in order to state a claim that is 'plausible' in the relevant sense."). The court will not dismiss Counts II or III.

As to Count IV, RadioShack argues that the court must dismiss Santiago's retaliation claim because he did not allege that his termination violated a public policy. The retaliatory discharge allegations are sparse indeed: Santiago simply states that he "reported wage violations and improper work conditions imposed by RadioShack to various government agencies, including OSHA, EEOC and the Illinois Department of Labor," and that "[s]hortly after Plaintiff Santiago filed said complaints, the Defendant terminated his employment" in January 2010. He further states that RadioShack fired him for filing "good faith reports of violations of the law" which was "in violation of public policy." There is no other supporting detail.

The court is sympathetic to RadioShack's argument that the complaint is deficient. The briefing makes clear that RadioShack understood Santiago to be alleging the Illinois tort of retaliatory discharge, which would require Santiago to establish that his termination was in violation of a public policy. By contrast, the plaintiffs' response establishes that Santiago is alleging retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), as well as the Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/14(c).

The fault for the confusion lies with Santiago. While "a plaintiff need not plead particular legal theories or particular facts in order to state a claim," *see DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), this portion of the complaint consists of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and is proscribed by *Twombly* and *Iqbal*. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (noting that "plaintiffs who merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims . . . must do more."). Because this part of the complaint does not comport with Rule 8, Count IV is dismissed. Santiago will be given leave to amend this count to bring it into compliance with the Federal Rules of Civil Procedure.

Finally, the court rejects RadioShack's attempt to strike or dismiss the plaintiffs' class action allegations and their request for injunctive relief. The plaintiffs seek to define a class comprising

> [a]ll individuals who were employed in the state of Illinois by [RadioShack], its subsidiaries or affiliated companies, as non-exempt store managers or other positions performing similar responsibilities for [RadioShack] at any time during the relevant statute of limitations.

(Compl. ¶ 26.) RadioShack challenges the definition as being overly broad, arguing the complaint addresses only a particular type of employee (non-exempt store managers at "small stores") by one defendant (RadioShack) in one location (Cook County, Illinois), while the class as defined encompasses multiple defendants with a variety of employee types across the state. As a general proposition, RadioShack is correct that "a class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant . . . . So if the class definition clearly

7

were overbroad, this would be a compelling reason to require that it be narrowed." *Kohen v. Pacific Inv. Mgmt. Co.*, 571 F.3d 672, 677-78 (7th Cir. 2009). But that conclusion is not "apparent" here. In a case such as this, where much of the dispute appears to be factual and "discovery is needed to determine whether a class should be certified," the court concludes that it would be premature to strike the class allegations. *See Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010). While the court has some concerns about the scope of the class definition—particularly with the inclusion of subsidiaries and affiliates—the court is not prepared to strike the allegations at this time.

Because the court will not strike the class allegations, RadioShack's attempt to strike the request for injunctive relief is also premature. RadioShack points out that the plaintiffs, as past employees, do not have "standing" to seek injunctive relief. This is not really a question of standing, but instead one of entitlement to relief. *See Arreola v. Godinez*, 546 F.3d 788, 794-95 (7th Cir. 2008) ("While it is true that [the plaintiff] may no longer be entitled to all types of relief that he requested, the law does not preclude a plaintiff from filing suit simply because some forms of relief may be unavailable, or indeed because in the end he cannot prove that he is entitled to any relief. . . . [T]he inherent problem with the idea of 'standing to bring a class action' is that it 'conflat[es] the standing inquiry with the inquiry under Rule 23 about the suitability of a plaintiff to serve as a class representative[.]'") (quoting *Payton v. Cnty. of Kane*, 308 F.3d 673, 677 (7th Cir. 2002)). Consequently, although Santiago and Franzke could not personally obtain injunctive relief, they certainly have standing to maintain their suit. As this case remains a putative class action, and the class as defined would likely include current

employees who may be entitled to injunctive relief, the court will not strike the demand for such relief at this time.

## IV. Conclusion

For the reasons stated above, RadioShack's motion to dismiss is granted in part and denied in part. If the plaintiffs wish to amend their complaint, they must do so by February 29, 2012.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: February 10, 2012